(No. 3752—)

DANIEL W. SOPER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

DEUTCH & McMUNN, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Claimant, by his claim filed September 22, 1942, alleges that he resides on a small farm immediately west of the corporate limits of the City of Canton, Illinois, where he is engaged in the raising of livestock and other work, on which farm he has a barn and various other outbuildings.

That about three hundred (300) feet south of said buildings is a natural water-course commonly called Big Creek, which flows west and then turns south.

That approximately five hundred (500) feet south of the said buildings the said creek by means of a bridge flows under a paved road, namely, Illinois State Bond Issue Route No. 9.

That for more than ten (10) years claimant kept livestock, lumber and other personal property in and beside said barn and outbuildings, and that although at intervals the said creek would overflow, it would never do so to the extent that it would damage claimant's property.

That in the fall and winter of 1941 and in the winter of 1942 the respondent, by its Division of Highways, was reconstructing a part of the said highway, and as a part of said reconstruction, a new bridge and viaduct was being erected by the said Division of Highways over said Big Creek.

That in the month of November, 1941, respondent removed said bridge and in its stead unlawfully, negligently and carelessly placed two (2) drain tiles, each five (5) feet in diameter, for the said creek to flow through and under the said Illinois State Bond Issue Route No. 9.

That the respondent knew, or should have known, that the drain tiles were insufficient to carry the waters under the said road and, as a result thereof the waters of the said creek overflowed, causing damage to claimant's property in the sum of Two Hundred Fifty-nine and 75/100 Dollars ($259.75).

The record consists of the complaint, motion of respondent to dismiss, statement, brief and argument of respondent in support of said motion to dismiss, and brief and argument of claimant.

Respondent argues that the State is not liable for damages to property resulting from the negligent or wrongful acts or conduct on the part of the Division of Highways in failing to provide adequate drainage or interfering with an existing system of drainage; that the State, in its sovereign capacity in carrying out this governmental function cannot be held liable for the negligence of its officers or agents. With this principle, this court has repeatedly held.

McComb vs. State, 11 C. C. R. 580.

The claim filed in this case is predicated and based entirely on the "unlawful, negligent and careless" acts of respondent and, therefore, does not state a claim which the State of Illinois, as a sovereign commonwealth, should discharge and pay.

Claimant, in his brief, departs from the claim as filed and argues Article II, Section 13 of the Constitution of the State of Illinois, which provides that private property shall not be taken or damaged for public use without full compensation.

With this principle this court is in full agreement and has consistently held, but it cannot be applied to a claim that is based on the "careless and negligent" acts of respondent through its agents and employees.

The motion of respondent to dismiss is therefore allowed, and the claim filed herein accordingly dismissed.